# UNITED STATES DISTRICT COURT
# EASTERN DISTRICT OF MISSOURI
# EASTERN DIVISION

| | |
|---|---|
| PRIMARY CARE PHARMACY, LLC, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) No. 4:17-CV-795 RLW |
| | ) |
| EXPRESS SCRIPTS, INC., | ) |
| | ) |
| Defendant. | ) |

## MEMORANDUM AND ORDER

This matter is before the Court on Defendant Express Scripts, Inc.'s Motion to Compel (ECF No. 59) and Defendant Express Scripts, Inc.'s Renewed Motion to Deem its Requests for Admission Admitted (ECF No. 62).[1]

## LEGAL STANDARD

Rule 37 of the Federal Rules of Civil Procedure governs motions to compel discovery. *See* Fed. R. Civ. P. 37 (a)(1) ("On notice to other parties and all affected persons, a party may move for an order compelling disclosure or discovery."). Likewise, Rule 26 governs the scope of discovery in federal matters:

> Unless otherwise limited by court order, the scope of discovery is as follows: Parties may obtain discovery regarding any nonprivileged matter that is relevant to any party's claim or defense and proportional to the needs of the case, considering the importance of the issues at stake in the action, the amount in controversy, the parties' relative access to relevant information, the parties' resources, the importance of the discovery in resolving the issues, and whether the burden or expense of the proposed discovery outweighs its likely benefit. Information within this scope of discovery need not be admissible in evidence to be discoverable.

Fed.R.Civ.P. 26(b)(1).

---

[1] The Court previously provided a "Background" of this case in its July 17, 2018 Memorandum and Order (ECF No. 57) and does not repeat that information here.

## DISCUSSION

As an initial matter, the Court notes that the parties disagree regarding whether they properly met and conferred to resolve their discovery disputes. *See* ECF Nos. 66 at 3-4 and 67 at 4-5 (asserting the parties did not speak in person regarding the outstanding discovery issues after the Court's July 17, 2018 Memorandum and Order, mandating the parties to again meet and confer); *cf.* ECF Nos. 74 at 13 and 76 at 9-10 (claiming the parties have met and conferred numerous times). Contrary to Express Scripts' suggestion that the parties have conferred numerous times, both parties admit they have only had one telephone conversation (on July 24, 2018) since the Court's July 17, 2018 Memorandum and Order. *See* ECF No. 63 at 2. Even worse, Primary Care claims that the parties did not discuss discovery during the July 24, 2018 telephone call. Although Express Scripts disputes Primary Care's representation of the July 24, 2018 telephone conversation, this inconsistency indicates that the parties did not fulfil their meet and confer obligations under the Court's prior Order. Therefore, the Court again orders the parties to revisit these discovery issues, meet and confer, and follow the guidance outlined by the Court to resolve their discovery disputes. The parties may only file a motion to compel if they have discussed their discovery dispute in person or by telephone.

**IT IS HEREBY ORDERED** that Defendant Express Scripts, Inc.'s Motion to Compel (ECF No. 59) and Defendant Express Scripts, Inc.'s Renewed Motion to Deem its Requests for Admission Admitted (ECF No. 62) are **DENIED** without prejudice. The Court **ORDERS** the parties to revisit these issues, meet and confer, and follow the guidance outlined by the Court to resolve their discovery disputes.

Dated this 5th day of October, 2018.

*Ronnie L. White*
RONNIE L. WHITE
UNITED STATES DISTRICT JUDGE